FOREST PRODUCTS MFG. CO. ET AL *v.* POTTS-HAMILTON
.HARDWARE CO.

[69 South. 593.]

ATTACHMENT.    *Actions.    Evidence.    Sufficiency.*
  Under the facts as set out below the court held that none of the
  grounds of attachment could be sustained.

APPEAL from the circuit court of Union county.
HON. H. K. MAHON, Judge.

Attachment by the Potts Hamilton Hardware Company against the Forest Products Manufacturing Company. From a judgment sustaining the attachment, defendant appeals.

The Potts-Hamilton Hardware Company of New Albany, Union county, Miss., sued out an attachment in the circuit court of Union county against the Forest Products Manufacturing Company, a corporation, on a claim for two hundred and twenty-seven dollars and twenty-five cents, and the attachment was levied on certain personalty found in the county. The affidavit for attachment recited that the defendant Forest Products Manufacturing Company was a foreign corporation: second, that it had removed or was about to remove itself or its property from within the state; third, that it so absconded or concealed itself that it could not be served with a summons; fourth, that it had property or rights in action which it concealed and unjustly refused to apply toward payment of its debts; fifth, that it had disposed or assigned, or was about to dispose or assign, its property and rights in action with intent to defraud its creditors; sixth, that it had converted or was on the point of converting its property and money, or evidences of debt, with intent to place the same beyond reach of creditors; and, last, that

it fraudulently contracted the debt for which suit was sought to be instituted. These above enumerated grounds for attachment were all set forth in the writ of attachment. The defendant Forest Products Manufacturing Company by proper plea of traverse denied the allegations of the writ in every particular, and also by plea in abatement set up that it was a corporation chartered under the laws of Mississippi, domiciled in Chickasaw county, and had never been served with any legal process in the suit, and reserved all rights as to jurisdiction of court.

On the trial proof was adduced to show that the Potts-Hamilton Hardware Company had sold the subsequently attached personalty to one Edwards, who was operating a stave mill for the Forest Products Manufacturing Company at a place about ten miles from New Albany, under a contractual arrangement shown in evidence, and that Edwards stated to a representative of the Potts-Hamilton Hardware Company that the Forest Products Manufacturing Company had authorized him to buy the personalty and charge it to the Forest, Products Manufacturing Company. The Forest Products Manufacturing Company showed in evidence its charter of incorporation, showing that it was chartered under the laws of Mississippi with domicile near Houston, in Chickasaw county, Miss., and that the post office address of its president was Houston, Miss., and the post office address of its secretary was Evansville, Ind., and that its business was the making and selling of staves, cross-ties, shingles, and kindred products; that the corporation had realty and personalty in Mississippi in other counties than Union county, and was solvent; and it offered evidence to show that while it had an office in Evansville, Ind., and while it has contracted with Edwards for the delivery by Edwards to it of large quantities of staves, and had written to him relative to Edwards' purchase

or acquisition of the personalty attached, and which was sold to Edwards by the plaintiff company, yet the Forest Products Manufacturing Company had never agreed to pay or become liable for Edwards' debts, including the debt for the purchase of the said personalty, and had not instructed Edwards to charge anything to its account.

There was evidence in behalf of the plaintiff to show that the secretary of the Forest Products Manufacturing Company had written a letter to Edwards, prior to Edwards' purchase of items comprising the debt sued on, which in substance suggested to Edwards that he could get the items at New Albany; but the letter made no reference to the plaintiff's business. The plaintiff also offered in evidence testimony to show that the defendant had removed some portion of its property to a point in Arkansas, and that the manager in charge of the defendant's plant at Houston, Miss., had. moved, together with his family, to Arkansas, some months prior to the purchase by Edwards of the aforesaid items of personalty.

The jury found in favor of the plaintiff that the attachment was properly sued out, and the defendant appealed to the supreme court.

*C. Lee Crum,* for appellant.

*S. R. Knox* and *Thos. Spight,* for appellee.

SMITH, C. J., delivered the opinion of the court.

None of the grounds upon which it is sought to uphold the attachment find any support in the evidence.

*Reversed and remanded.*